ANDRÉ BIROTTE JR.
United States Attorney
SANDRA R. BROWN
Assistant United States Attorney
Chief, Tax Division
TAMAR KOUYOUMJIAN(CA SBN: 254148)
Assistant United States Attorney
  Room 7211, Federal Building
  300 N. Los Angeles Street
  Los Angeles, California  90012
  Telephone:  (213) 894-7388
  Facsimile:  (213) 894-0115
  E-mail: tamar.kouyoumjian@usdoj.gov

Attorneys for the United States of America,
Petitioner

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 8:12-cv-683 JST (JPRx) |
|        Petitioner, | PETITION TO ENFORCE INTERNAL REVENUE SERVICE SUMMONS; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION IN SUPPORT THEREOF |
|   v. | |
| STEVEN T. ODALY, | |
|        Respondent. | {Exhibits Redacted Pursuant to Local Rule 79-5.4(e)} |

## PETITION

Petitioner states:

1.   This proceeding to judicially enforce an Internal Revenue Service (the "IRS") administrative summons is brought pursuant to §§ 7402(b) and 7604(a) of the Internal Revenue Code, 26 U.S.C.  The IRS has properly served Respondent with a summons, and Respondent has failed to produce the requested documents and to appear and give testimony.

2.   Respondent resides or conducts business or both in the federal judicial district of the Central District of California.

3.    The Internal Revenue Service is, and at all relevant times was, conducting an investigation regarding the federal tax liabilities for the taxpayer and periods or years described on the summons.  A true and correct copy of the summons is attached as Exhibit 1 to the attached Declaration, redacted to exclude personal identifiers.

4.    In connection with this investigation, the summons was issued and served in accordance with law on Respondent in the manner described in the Certificate of Service.  A true and correct copy of the Certificate of Service is attached as Exhibit 1, Page 2 to the attached Declaration.

5.    Respondent has failed to give testimony and to produce the required books, records, papers, and other data in response to the summons, and such failure has continued to the date of this petition.

6.    The IRS is not in possession or control of the books, records, papers, and other data sought by the summons.

7.    All administrative steps required by the Internal Revenue Code in connection with the issuance and service of the summons have been taken.

8.    The testimony and the books, records, papers, and other data sought by the summons are necessary in order to properly pursue and complete the investigation.

9.    No recommendation for criminal prosecution of the taxpayer has been made by the IRS to the United States Department of Justice.  In addition, no Department of Justice referral, as described in 26 U.S.C. § 7602(d), is in effect with respect to the taxpayer.

1    **WHEREFORE**, Petitioner requests the Court to enforce the IRS

2  administrative summons as follows:

3      A.   Respondent be ordered to appear and show cause before

4  this Court why Respondent should not be compelled to give

5  testimony and to produce the books, records, papers, and other

6  data as specified in the summons;

7      B.   That Respondent be ordered by this Court to appear

8  before an authorized representative of the IRS at a time and

9  place to be determined by the IRS and to give testimony and to

10  produce the books, records, papers, and other data as specified

11  in the summons; and

12      C.   That the Court grant the Petitioner its costs in this

13  proceeding and such other and further relief as may be just and

14  proper.

15                              Respectfully submitted,

16                              ANDRÉ BIROTTE JR.
                                United States Attorney
17                              SANDRA R. BROWN
                                Assistant United States Attorney
18                              Chief, Tax Division

19

20
   DATED: May 1, 2012
21                              Tamar Kouyoumjian
                                Assistant United States Attorney
22                              Attorneys for the United States
                                of America, Petitioner

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

Section 7602(a) of the Internal Revenue Code, 26 U.S.C., grants the Internal Revenue Service the power to summon books, papers, records, or other data and to take the testimony of any person for the purpose of ascertaining the correctness of a tax return, to determine a taxpayer's tax liability, and to collect a taxpayer's tax liability as follows:

> For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary is authorized --

> (1)  To examine any books, papers, records, or other data which may be relevant or material to such inquiry;

> (2)  To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary may deem proper, to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and

4

1         (3)  To take such testimony of the person

2        concerned, under oath, as may be relevant or material

3        to such inquiry.

4 See also Crystal v. United States, 172 F.3d 1141, 1143-44

5 (9th Cir. 1999).

6     Internal Revenue Code Sections 7402(b) and 7604 grant

7 authority to United States district courts to issue orders

8 compelling, through their powers of contempt, compliance with the

9 IRS summonses.  See also United States v. Gilleran, 992 F.2d 232,

10 233 (9th Cir. 1993).  An IRS summons is issued administratively,

11 "but its enforcement is only by federal court authority in 'an

12 adversary proceeding' affording the opportunity for challenge and

13 'complete protection to the witness.'"  United States v.

14 Church of Scientology of California, 520 F.2d 818, 821 (9th Cir.

15 1975) (quoting Donaldson v. United States, 400 U.S. 517, 525,

16 91 S. Ct. 534, 539, 27 L. Ed. 2d 459 (1971)).

17     Because the enforcement of an IRS summons invokes the

18 process of the court, the court will not enforce a summons if it

19 would constitute an abuse of process.  United States v. Powell,

20 379 U.S. 48, 58, 85 S. Ct. 248, 255, 13 L. Ed. 2d 112 (1964).

21 Such an abuse would occur if the summons was issued for an

22 improper purpose, such as, for example, to harass the taxpayer.

23 Id., 379 U.S. at 58; United States v. Stuart, 489 U.S. 353, 360,

24 109 S. Ct. 1183, 1188, 103 L. Ed. 2d 388 (1989).  Accordingly, to

25 obtain enforcement of an IRS summons, the government is required

26 to make a *prima facie* case for enforcement of the summons.

27 Crystal, 172 F.3d at 1143-44; Gilleran, 992 F.2d at 233.

28     In order to establish a *prima facie* case for enforcement of

an IRS summons, the government need only make a "minimal" showing that (1) the investigation will be conducted pursuant to a legitimate purpose; (2) the inquiry may be relevant to the purpose; (3) the information sought is not already within the IRS's possession; and (4) that the administrative steps required by the Internal Revenue Code have been followed. Crystal, 172 F.3d at 1143-44, citing Powell, 379 U.S. at 57-58. The government's "burden is minimal 'because the statute must be read broadly in order to ensure that the enforcement powers of the IRS are not unduly restricted.'" Crystal, 172 F.3d at 1144 (quoting Liberty Financial Services v. United States, 778 F.2d 1390, 1392 (9th Cir. 1985)). Once the Government has made its *prima facie* case, the summoned party bears the "heavy" burden to "disprove the actual existence of a valid civil tax determination or collection purpose by the Service[.]" Crystal, 172 F.3d at 1144.

Normally, the government makes the "good faith" showing of materiality and relevancy required by Powell in the petition to enforce the summons and the accompanying declaration of the issuing IRS agent. See Crystal, 172 F.3d at 1144 (quoting United States v. Dynavac, Inc., 6 F.3d 1407, 1414 (9th Cir. 1993)).

As to the required showing of relevance, the Supreme Court stated in United States v. Arthur Young & Co., 465 U.S. 805, 814, 104 S. Ct. 1495, 1501, 79 L. Ed. 2d 826 (1984):

> As the language of § 7602 clearly indicates an IRS summons is not to be judged by the relevance standards used in deciding whether to admit evidence in federal court. *Cf.* Fed. Rule Evid. 401. The language "may be" reflects Congress' express intention to allow the IRS

1   to obtain items of even <u>potential</u> relevance to an

2   ongoing investigation without reference to its

3   admissibility.  The purpose of Congress is obvious:

4   the Service can hardly be expected to know whether such

5   data will in fact be relevant until it is procured and

6   scrutinized.  As a tool of discovery, the § 7602

7   summons is critical to the investigation and

8   enforcement functions of the IRS, <u>see</u> <u>United States v.</u>

9   <u>Powell</u>, 379 U.S. 48, 57 (1964); the Service therefore

10  should not be required to establish that the documents

11  it seeks are actually relevant in any technical,

12  evidentiary sense.

13  (emphasis in original).

14      "Once the Government has established its *prima facie* case,

15  the district court issues an order requiring the party on whom

16  the summons has been served to show cause, at an enforcement

17  hearing, why compliance with the summons should not be required."

18  <u>United States v. Samuels, Kramer and Co.</u>, 712 F.2d 1342, 1345

19  (9th Cir. 1983).  The burden of proof is shifted to the person

20  challenging the summons to "refute the Government's <u>Powell</u>

21  showing of good faith to oppose successfully the enforcement of

22  an IRS summons."  <u>Id.</u> at 1346; <u>see also</u> <u>Crystal</u>, 172 F.3d at

23  1144.  "The taxpayer may challenge and attempt to rebut the *prima*

24  *facie* case of good faith the government has established or

25  attempt to show that enforcement of the summons would otherwise

26  constitute an abuse of process."  <u>Gilleran</u>, 992 F.2d at 233;

27  <u>see also</u> <u>Crystal</u>, 172 F.2d at 1144.  "The taxpayer, however,

28  carries a heavy burden of convincing the district court to deny

1  enforcement." <u>Stuckey</u>, 646 F.2d at 1372; <u>accord</u> <u>Crystal</u>,

2  172 F.3d at 1144.

3      "'[S]ummons enforcement proceedings should be summary in

4  nature and discovery should be limited.'" <u>Derr</u>, 968 F.2d at 945,

5  quoting <u>Stuart</u>, 489 U.S. at 369, quoting S. Rep. No. 97-494, 97th

6  Cong. 2d Sess., vol. 1, 285 (1982); <u>see also</u>, <u>Church of</u>

7  <u>Scientology</u>, 520 F.2d at 821.[1/] "'The taxpayer must allege

8  specific facts and evidence to support his allegations' of bad

9  faith or improper purpose." <u>Crystal</u>, 172 F.3d at 1144 (quoting

10 <u>United States v. Jose</u>, 131 F.3d 1325, 1328 (9th Cir. 1997)) and

11 <u>Liberty Financial Services</u>, 778 F.2d at 1392.  A party opposing

12 the summons must be able to come forward with at least "a minimal

13 amount of evidence just to entitle him or her to an evidentiary

14 hearing." <u>Stuckey</u>, 646 F.2d at 1372. In this Circuit, the Court

15 may allow limited discovery "only if the taxpayer can make a

16 substantial preliminary showing of abuse or wrongdoing."

17 <u>Stuckey</u>, 626 F.2d at 1374.

18      In <u>Donaldson</u>, 400 U.S. at 528-29, the Supreme Court noted

19 _____

20 [1/]   The Fifth Circuit has discussed the procedure to be followed
   in summons enforcement proceedings:

21          To ascertain whether there is any basis for
        questioning the summons, the traditional show cause
22      order is an effective and appropriate procedural tool.
        Indeed, it harmonizes procedure with the substantive
23      principle that puts the burden on the summoned party
        "of showing an abuse of the court's process." <u>Powell</u>,
24      (note 17, <u>supra</u>).  In no way does its use extinguish
        the adversary proceeding which the decisions call for.
25      Rather it is a principal means by which the enforcing
        Court can determine whether there is anything to "hear"
26      and if so to give proper scope and direction to an
        orderly, but expeditious, adjudication of the points in
27      controversy.

28 <u>United States v. Newman</u>, 441 F.2d 165, 169 (5th Cir. 1971).

that Rule 81(a)(3) of the of the Federal Rules of Civil Procedure allows the Court to limit the application of the federal rules in summons enforcement proceedings.  In keeping with the summary nature of these proceedings, the show cause order is an appropriate tool to place the burden of proof on the summoned party after the government's *prima facie* case has been made.

If no substantial challenge to the validity of the summons is made in a sworn affidavit or declaration alleging specific facts, the matter should be decided on the pleadings before the district court with no further proceedings, the summons should be enforced, and the IRS should be allowed to obtain the summoned testimony, books, papers, records, and other data.  See, e.g,. Liberty Financial Services, 778 F.2d at 1392-93 (IRS affidavit was not controverted).

"Enforcement of a summons is generally a summary proceeding to which a taxpayer has few defenses." Derr, 968 F.2d at 945; accord Crystal, 172 F.3d at 1144.  "[T]he sole purpose of the enforcement proceeding is to ensure that the IRS has issued the summons for proper purpose and in good faith, and ... the district court is strictly limited to enforcing or denying IRS summonses." Jose, 131 F.3d at 1328-29.

### Conclusion

Accordingly, the filing of the petition to enforce IRS summons and the declaration of the issuing IRS agent establish the government's *prima facie* case for enforcement of the summons. As attested to in the declaration of the IRS agent who issued the summons, the IRS is conducting an investigation to determine the tax liabilities of the taxpayer, collect those liabilities, or

1  both, for the tax periods identified in the summons; the

2  information sought by the summons may be relevant to that

3  purpose; the IRS does not already have possession of the

4  information sought; and the administrative steps required by the

5  Internal Revenue Code for issuance and service of the summons

6  were followed.  The Court should now issue an order directing

7  Respondent to show cause why the IRS summons should not be

8  enforced.

9       If Respondent fails to respond to or rebut the government's

10  *prima facie* case for enforcement, then the Court should later issue

11  an order enforcing the IRS summons and compelling Respondent to

12  appear before an authorized representative of the IRS at a time and

13  place to be determined by the IRS, and give testimony and produce

14  the books, records, papers, and other data for examination and

15  copying as required by the Internal Revenue Service summons.

16

17                          Respectfully submitted,

18                          ANDRÉ BIROTTE JR.
                            United States Attorney
19                          SANDRA R. BROWN
                            Assistant United States Attorney
20                          Chief, Tax Division

21

22  DATED: May 1, 2012
                            _____
23                          Tamar Kouyoumjian
                            Assistant United States Attorney
24                          Attorneys for the United States
                            of America, Petitioner

25

26

27

28

                                   10

# DECLARATION

## DECLARATION IN SUPPORT OF PETITION TO
## ENFORCE INTERNAL REVENUE SERVICE SUMMONS
### Summoned Party: Steven T. Odaly
### Taxpayer: Steven T. Odaly

I, J. Aguilar, pursuant to 28 U.S.C. § 1746(2), declare as follows:

1.   I am over eighteen years of age, and I am not a party in the government's federal court case to enforce the subject summons.

2.   My name as used and signed in the subject summons and this declaration is not a pseudonym.

3.   I am employed as a Revenue Officer in the California Area, Laguna Niguel Territory, Small Business/Self-Employed Division, of the Internal Revenue Service ("IRS").   I am authorized to issue IRS summonses under the authority of § 7602 of the Internal Revenue Code of 1986, 26 U.S.C. ("IRC" and "the Code"). *See* Treasury Regulations, § 301.7602-1, 26 C.F.R.; IRS Delegation Order No. 4 (as revised).

4.   As a revenue officer, my duties include the collection and investigation of federal income tax returns and other information, excise, or specialty returns that have been filed or should have been filed by individual and business taxpayers, including corporations, partnerships, and fiduciaries, in order to assist the IRS in determining the taxpayer's correct tax liability, and in cases where the required tax returns are not filed, I also assist the IRS in investigating whether such tax returns should have been filed and determining the taxpayer's correct tax liability.

5.   In my capacity as a Revenue Officer, I have been conducting

-1-

1   an investigation into the collection of federal tax liabilities

2   of Steven T. Odaly (the "taxpayer," "summoned party," and

3   "Respondent") for the taxable years ended December 31, 2004,

4   December 31, 2005, December 31, 2006,  December 31, 2007,

5   December 31, 2008, December 31, 2009, and December 31, 2010 also

6   referred to as the calendar years 2004, 2005, 2006, 2007, 2008,

7   2009, and 2010, and as the tax years 2004, 2005, 2006, 2007,

8   2008, 2009, and 2010 ("subject taxable periods" and "subject tax

9   periods").

10  6.   The purpose of the investigation is the determination and

11  collection of the correct federal tax liabilities of Steven T.

12  Odaly.

13  7.   As of the date of this declaration, I have not made any of

14  the final determinations referred to in the immediately

15  preceding paragraph.

16  8.   On October 13, 2011, in furtherance of the above-referenced

17  investigation and in accordance with IRC § 7602, I issued a

18  Summons, IRS Form 2039, to Steven T. Odaly, to appear on

19  November 15, 2011 before the IRS to give testimony and to

20  produce for examination documents, records, and other

21  information as described in the IRS summons.  A copy of the

22  Summons is attached hereto as **Exhibit 1**.

23  9.   On October 17, 2011, I served an attested duplicate

24  original copy of the IRS summons described in the immediately

25  preceding paragraph on Steven T. Odaly, which I accomplished by

26  leaving the attested duplicate original copy of the summons in a

27  sealed envelope, addressed to the summoned party, at the last

28  and usual place of abode of the summoned party.  A copy of a

1  certificate of service is attached hereto as **page 2 of Exhibit**

2  **1.**

3  10.  On November 15, 2011, the summoned party failed to appear

4  before the IRS in response to the summons, although the summons

5  directed the summoned party to so appear before the IRS.  The

6  summoned party has not appeared before the IRS in response to

7  the summons, and the summoned party has not produced the

8  documents, records, and other information described in the

9  summons.  The summoned party has not otherwise provided the

10  summoned information.  The summoned party's failure to comply

11  with the summons continues to the date of this declaration.

12  11.  On December 6, 2011, the Office of Chief Counsel of the IRS

13  mailed the summoned party a "last chance letter" directing the

14  summoned party to appear before me on January 10, 2012 and to

15  produce the books, records and documents called for in the

16  summons.  The summoned party failed to appear on January 10,

17  2012.  A copy of the "last chance letter" is attached hereto as

18  **Exhibit 2.**

19  12.  All administrative steps required by the Internal Revenue

20  Code in connection with the issuance and service of the IRS

21  summons have been taken.

22  13.  The documents, records, and other information sought by the

23  IRS summons are not already in the possession of the IRS.

24  14.  The testimony and the documents, records, and other

25  information demanded by the IRS summons are necessary for the

26  determination and collection of the correct federal income tax

27  liabilities of Steven T. Odaly for the subject tax periods.

28  15.  No recommendation for criminal prosecution of the taxpayer

-3-

has been made by the IRS to the United States Department of Justice.   In addition, no Department of Justice referral, as described in IRC § 7602(d), is in effect with respect to the taxpayer.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: _____ FEB 0 1 2012 _____

J. Aguilar
Revenue Officer
Internal Revenue Service

EXHIBIT "1"

# Summons

In the matter of   **STEVEN T ODALY** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Internal Revenue Service (Division):   **Small Business / Self Employed**

Industry/Area (name or number):   **Small Business / Self Employed - Area 27**

Periods:   **See Attachment 1 to Summons Form 2039 for Period Information**

## The Commissioner of Internal Revenue

To:   **STEVEN T ODALY**
▮▮▮▮▮▮▮▮▮▮▮▮

You are hereby summoned and required to appear before J. AGUILAR, an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

All documents and records in your possession or control reflecting the receipt of taxable income by you for the year(s) See attachment for Period information, including but not limited to: statement of wages for the year(s) See attachment for Period information; statements regarding interest or dividend income for the year(s) See attachment for Period information; employee earnings statements for the year(s) See attachment for Period information; records of deposits to bank accounts during the year(s) See attachment for Period information; and any and all other books, records, documents, and receipts regarding wages, salaries, tips, fees, commissions, and any other compensation for services including gains from dealings in property, interest, rental, royalty and dividend income, alimony, annuities, income life insurance policies and endowment contracts, pensions, income from the discharge of indebtedness, distributive shares of partnership gross income, and income from an estate or trust), so that Federal Income Tax liability for the year(s) See attachment for Period information (for which year(s) no return have been made) may be determined.

### Do not write in this space

Business address and telephone number of IRS officer before whom you are to appear:

24000 AVILA ROAD, MAIL STOP 5107, LAGUNA NIGUEL, CA 92677-3405 - (949)389-4200

**Place and time for appearance at**   24000 AVILA ROAD, MAIL STOP 5107, LAGUNA NIGUEL, CA 92677-3405

![IRS logo]

**IRS**

Department of the Treasury
**Internal Revenue Service**

www.irs.gov

Form 2039(Rev. 10-2010)
Catalog Number 21405J

on the   15th   day of   November  ,   2011   at   10:00   o'clock   A   m.

Issued under authority of the Internal Revenue Code this   13th   day of   October  ,   2011

J. AGUILAR   _(signature)_
Signature of Issuing Officer

_(signature)_
Signature of Approving Officer (if applicable)

REVENUE OFFICER
Title

Manager
Title

Original -- to be kept by IRS



# Service of Summons, Notice and Recordkeeper Certificates

(Pursuant to section 7603, Internal Revenue Code)

I certify that I served the summons shown on the front of this form on:

| Date | Time |
|---|---|
| October 17. 2011 | 4:32 pm |

**How Summons Was Served**

1. ☐ I certify that I handed a copy of the summons, which contained the attestation required by § 7603, to the person to whom it was directed.

2. ☒ I certify that I left a copy of the summons, which contained the attestation required by § 7603, at the last and usual place of abode of the person to whom it was directed. I left the copy with the following person (if any): 16663 Hampshire Dr Costa Mesa CA

3. ☐ I certify that I sent a copy of the summons, which contained the attestation required by § 7603, by certified or registered mail to the last known address of the person to whom it was directed, that person being a third-party recordkeeper within the meaning of § 7603(b). I sent the summons to the following address: _____

| Signature | Title |
|---|---|
| | Revenue Officer |

4. This certificate is made to show compliance with IRC Section 7609. This certificate does not apply to summonses served on any officer or employee of the person to whose liability the summons relates nor to summonses in aid of collection, to determine the identity of a person having a numbered account or similar arrangement, or to determine whether or not records of the business transactions or affairs of an identified person have been made or kept.

I certify that, within 3 days of serving the summons, I gave notice (Part D of Form 2039) to the person named below on the date and in the manner indicated.

Date of giving Notice: _____     Time: _____

Name of Noticee: _____

Address of Noticee (if mailed): _____

**How Notice Was Given**

☐ I gave notice by certified or registered mail to the last known address of the noticee.

☐ I left the notice at the last and usual place of abode of the noticee. I left the copy with the following person (if any):

☐ I gave notice by handing it to the noticee.

☐ In the absence of a last known address of the noticee, I left the notice with the person summonsed.

☐ No notice is required.

| Signature | Title |
|---|---|
| | |

I certify that the period prescribed for beginning a proceeding to quash this summons has expired and that no such proceeding was instituted or that the noticee consents to the examination.

| Signature | Title |
|---|---|
| | |

Form **2039** (Rev. 10-2010)

**Attachment 1 to Summons Form 2039**

n the matter of  **STEVEN  T ODALY**   _____

Period information:  Income Tax for Periods Ending: December 31, 2004: December 31, 2005: December 31, 2006: December 31, 2007: December 31, 2008: December 31, 2009: December 31, 2010

# EXHIBIT "2"

**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
OFFICE OF CHIEF COUNSEL
SMALL BUSINESS/SELF-EMPLOYED DIVISION COUNSEL
24000 AVILA ROAD, SUITE 4404
MAIL STOP 8800
LAGUNA NIGUEL, CA 92677
(949) 360-2681
FAX (949) 360-2675

DEC  6 2011                          CC:SB:8:LN:2:GL-148604-11
                                     PSTemple

Steven T. Odaly


Dear Mr. Odaly:

   The Area Director of Internal Revenue has notified our
office that you did not comply with the provisions of the summons
served on you on October 17, 2011.  Under the terms of the
summons, you were required to appear before Revenue Officer J.
Aguilar on November 15, 2011.

   Legal proceedings may be brought against you in the United
States District Court for not complying with the summons.  To
avoid such proceedings, you are to appear before Revenue Officer:

              Name: J. Aguilar
              Date: January 10, 2012
              Time: 9:00 AM
           Address: Third Floor, Room 3202
                    24000 Avila Road
                    Laguna Niguel, CA

   Any books, records or other documents called for in the
summons should be produced at that time.  If you have any
questions, please contact Revenue Officer Aguilar at (949) 389-
4200.

                          Sincerely,

                          MILES D. FRIEDMAN
                          Associate Area Counsel
                          (Small Business/Self-Employed)
                          T.C. Bar No. FM0260

cc:  J. Aguilar, Revenue Officer, Laguna Niguel

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

UNITED STATES OF AMERICA

**DEFENDANTS**

STEVEN T. ODALY

**(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):

County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):
ORANGE COUNTY

**(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
TAMAR KOUYOUMJIAN, AUSA
US ATTORNEY'S OFFICE
300 N. LOS ANGELES STREET RM 7211, LA CA 90012
(213) 894-7388

Attorneys (If Known)

---

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☑ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

---

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:** ☐ Yes  ☑ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No          ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
PURSUANT TO SECTIONS 7402(b) AND 7604(a) OF THE INTERNAL REVENUE CODE 26 U.S.C.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | ☐ 540 Mandamus/ Other | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities /Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | | ☐ 690 Other | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | ☐ 440 Other Civil Rights | | ☑ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 240 Torts to Land | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | | | | |

---

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☑ No ☐ Yes

If yes, list case number(s):

**FOR OFFICE USE ONLY:**  Case Number: _____  8:12-CV-683

CIVIL COVER SHEET

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

VIII(b). **RELATED CASES:** Have any cases been previously filed that are related to the present case? ☐ No ☑ Yes

If yes, list case number(s): US V. CYNTHIA L. ODALY (BEING FILED CONCURRENTLY)

Civil cases are deemed related if a previously filed case and the present case:

Check all boxes that apply)    ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

IX. **VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)

☑ Check here if the U.S. government, its agencies or employees is a named plaintiff.

LOS ANGELES COUNTY

List the California County, or State if other than California, in which **EACH** named defendant resides. (Use an additional sheet if necessary).

☐ Check here if the U.S. government, its agencies or employees is a named defendant.

ORANGE COUNTY

List the California County, or State if other than California, in which **EACH** claim arose. (Use an additional sheet if necessary)

Note: In land condemnation cases, use the location of the tract of land involved.

ORANGE COUNTY

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date    MAY 02, 2012

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CV-71 (07/05)            CIVIL COVER SHEET            Page 2 of 2

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Josephine Tucker and the assigned discovery Magistrate Judge is Jean P. Rosenbluth.

The case number on all documents filed with the Court should read as follows:

## SACV12- 683 JST (JPRx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [_] **Western Division** | [X] **Southern Division** | [_] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)       NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY